09-5243-cv
Payne v. Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3ʳᵈ day of October, two thousand twelve.

Present:
         DENNIS JACOBS,
                    *Chief Judge*,
         JOSEPH M. McLAUGHLIN,
         PIERRE N. LEVAL,
                    *Circuit Judges*.

_____

JAMES EDWARD PAYNE,

         *Plaintiff-Appellee*,

                    v.                                        No. 09-5243-cv

OFFICER BRANDON JONES,

         *Defendant - Cross Claimant - Appellant*

CITY OF UTICA,

         *Defendant - Cross Defendant - Appellant*

_____

For Plaintiff-Appellee:                          Frank Policelli, Utica, NY.

For Defendant-Cross Claimant-Appellant:          Patrick G. Radel, Getnick Livingston
                                                 Atkinson & Priore LLP, Utica, NY (Michael E.
                                                 Getnick, *on the brief*).

For Defendant-Cross Defendant-Appellee:          Linda S. Fatata, Corporation Counsel, Utica,
                                                 NY (Armond J. Festine, Assistant Corporation
                                                 Counsel, *on the brief*).

_____

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the September 22, 2009 order of the district court be and hereby is

**AFFIRMED**.

The City of Utica appeals from the portion of the district court's order of September 22, 2009 directing it to indemnify Defendant Police Officer Brandon Jones for the jury's award of punitive damages against Jones.[1]  We presume familiarity with the record of proceedings and specification of issues in this appeal.

Utica entered into a Collective Bargaining Agreement (CBA) with its police officers' union through which Utica agreed to "pay any civil settlements, claims or judgments . . . recovered against any member of the Police Department arising from the department member's activities in the performance of duty only, including . . . any alleged intentional tort . . . ." *Payne v. Jones*, No. 6:08-cv-00143, Docket No. 77, at 8 (N.D.N.Y. Sept. 2, 2009) (citing CBA § 323).

---

[1] In an opinion filed concurrently with this order, we vacate the punitive damages award and order a new trial limited to the issue of punitive damages, unless Plaintiff James Edward Payne agrees to accept a reduced award of $100,000.  In all other respects, the opinion affirms the judgment.

-2-

New York General Municipal Law § 50-j(6)(a) authorizes municipalities to adopt local legislation that provide for the indemnification of a police officer against punitive damages "arising out of a negligent act or other tort . . . committed while in the proper discharge of his duties and within the scope of his employment."  Although Utica also agreed in the CBA to "take the necessary legal action to adopt the provisions of Section[] . . . 50-j(6) of the [New York] General Municipal Law," it has not yet adopted local legislation providing for the indemnification of police officers, as required by § 50-j(6)(a).  Nor has Utica promulgated standards for "[t]he determination of whether any such police officer properly discharged his duties," as required by § 50-j(6)(b).  Therefore, Utica's obligation to indemnify Jones arises under the CBA, not § 50-j(6).  Notwithstanding that the punitive award arose from an intentional tort committed by Jones, the CBA expressly requires Utica to indemnify him because the tort was committed in the performance of his duties.

We note that Utica has not argued that it was without authority to provide indemnification beyond that contemplated by § 50-j(6), which addresses the indemnification of only those punitive damages "arising out of a negligent act or other tort," or that the CBA should be construed so as to avoid conflict with § 50-j(6).  Because any such argument has been waived, we express no view on whether Jones was acting "in the proper discharge of his duties" under § 50-j(6)(a) during the events that gave rise to this suit.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

For the foregoing reasons, the order of the district court with respect to Utica's indemnification of Jones is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK